Thank you. Please be seated. We have two argued motions and four cases on our calendar today, one of which we're taking on submission. We're taking on submission number 2114. Oh, let me say, just to note, I'm in the courtroom with Judge Robinson and Judge LaValle is participating remotely, so you will see him on the monitor that's at the podium. OK, we have, as I said, four argued cases today, one of which is on submission number 21 14 52 United States versus chairman. But before we get to the argued cases, we have to argued motions. So we're going to hear argument first in the motion in number 21 1938 Jordan versus the show. What? Oh, well, there's one party that is not present. We'll hear from them if they arrive in time. But let's I think we can proceed. Mr Jordan. I'm a court. Good morning. May it please the court. One moment. Yes. My name is Victor Jordan and I'm a graduate of Albany Law School. The class of 1999, I passed the bar in that year. Unfortunately, I accepted a job overseas academic position. Previously, I was an economist. So I did not seek admission to the bar at that time. I'm not a licensed attorney. Today, I will present evidence that shows that the defendants continue to trample over my constitutional rights and they continue to commit acts that are in violation of the RICO statute in terms of fraud. I have before me. Can I ask you, Mr. Jordan? So you have an appeal pending. You've appealed for the decision of the district court, right? Corrects the honor. So right now we're hearing your motion. Yes. Which is a motion to be placed on the ballot for the 2022 primary. Yes. But your appeal is not about the 2022 primary, right? Well, it's about conduct that has gone on for years, a conspiracy between certain parties, including the Defendant Board of Elections. So it involves the same kind of conduct that has occurred in the past. So it's a continuation of this unlawful conduct. But is it a remedy for the conduct that occurred in 2016 or 2018 to put your name on the ballot for 2022? Yes, Your Honor, because in 2016, again, the Defendant Board of Elections refused to allow our team to be present during the counting of the absentee ballot. In other cases, 2018, they have allowed the defendant to have her chief of staff as a poll site coordinator. And in that site, witnesses observed members of her team stuffing the ballots. So it's a continued pattern of stealing elections from the public. And this is just another instance where they did not serve the specifications on time, but yet they filed a fraudulent certificate of service to suggest that they filed it on time when they did not. So I have the paper that shows that they filed it a certain time and they filed another thing to suggest otherwise. So it's a continued pattern of stealing elections because they have the advantage of being in office. And therefore, they have the power as a distributor to hire all the- So I suppose your argument is that even though your lawsuit is about 2016 and 2018, it's not possible to bring another lawsuit to address what's happening in 2022? That is correct, Your Honor. You did have another lawsuit about the 2020 election, right? Well, the 2020 election is no, Your Honor. It's just a continuation of the same pattern. So it's the same pattern of conduct. We wanted to address it in another court because we thought that it would complicate things too much to continue. But it's the same pattern of using the resources and power of the state because you control all the players and to keep certain people from being even on the ballot. And even if they get on the ballot, you will put your team in a position to be unfair. Imagine putting your chief of staff to be the coordinator for polling site and the result being that members of that team are caught stuffing the ballots. With pre-vote ballots. Stuffing the scanner. Excuse me. Yeah. Right. Can I ask, so normally when you get an injunction while you have an appeal pending, you have to ask first in the district court for an injunction pending appeal. But you didn't do that here. Why not? Well, because the case had been transferred to the Second Circuit. The Second Circuit had jurisdiction of the case. It was taken away from the district court pursuant to the appeal.   Thank you, Your Honor. I have here, which is a schedule of when specifications should be filed and after the objection. So the objections I have here, I would like to share with Your Honor. Is there a way to, I'll give one to my. You can file it as a supplementary filing on the docket, but we're not going to take documents now. So the objections were filed on the 11th of April. So that meant that the defendant, Bischoff, had to file specifications on the 18th. And they had to file it a certain way pursuant to the statute. Which is 6204.1. They had to serve it either via registered mail or certified mail. But because they were late and they had actually sent it to me. You're talking about the procedures for getting your name on the ballot for the 2022 election. That's correct, Your Honor. So the district court hasn't adjudicated this question, right? No, Your Honor. They're asking us to look at evidence about the timeline for getting your name on the 2022 ballot for the first time. Yes, Your Honor. But this is something that normally would be adjudicated in a trial court before it comes to the Court of Appeals. In this circumstances, Your Honor, there is no time. The election is on June the 28th. And this court has jurisdiction on that issue. Well, we have jurisdiction over your appeal concerning the events of the 2016 and the 2018 election. But the actions, the conduct continues, Your Honor. I understand that. But would something have stopped you from filing a complaint or amending your complaint in that case or filing a new case about the 2022 election? Well, Your Honor, since it's the same kind of conduct that we've complained about from 2016, 2018, and 2020, it's just a continuation of the... Well, so normally we make decisions on appeal based on the record that was before the district court. And these materials on which you're relying right now to make this argument, was that before the district court? No, Your Honor. Because the election that we wanted to get on the ballot was the 2022 election. And the appeal process took before that. Okay, I understand that. Yeah. Okay, you have a little bit of time left. You can wrap up your argument. Yes, Your Honor. But the issue is, Your Honor, that the defendant fraudulently submitted a certificate of service suggesting that they filed, they served on the 18th when in fact they served on the 19th. And again, it's a continuation of abuse of the entire system. In addition, Your Honor, the adjudicator at the board of elections hearing was the appointee, Rodney Pep Souvenir, who is the appointee of the defendant. And at that hearing, Miss Pep Souvenir prevented me, the plaintiff, from responding to say, well, I did not get this document. Okay, Mr. Jordan, I think we have that argument within your papers, and I appreciate that. But let's hear, you're past your time, so let's hear from the appellee, the New York City Board of Elections, Miss Zalian. Did I have that right, Zalian? Yes, perfect, Your Honor. Great, thank you very much. Thank you, Miss Zalian, for the board of elections. And the court's questioning indicates that, in fact, elucidates the fact there is no record before this court regarding the 2022 election. So if the court has no questions, we'll rest on our papers in opposition to the motion and ask that it be denied. Okay, any questions from the panel? All right, well, thank you very much, Miss Zalian. The motion is submitted.